UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MICHAEL ALLAMBY, | ) | CASE NO.  1:06 CV 0535 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

On March 9, 2006, pro se plaintiff Michael Allamby filed the above-captioned action against the United States of America.  He asserts this court's jurisdiction pursuant to 28 U.S.C. §§ 1343, 1346, 1402 and 26 U.S.C. §1346.[1]  Mr. Allamby claims, inter alia, that the United States has by "ruse, tricks, and stratagems" subjected him to involuntary servitude in violation of the Thirteenth Amendment.  He seeks a refund of all monies taken "under the guise of a federal income tax, . . . remove, post-haste, any and all income tax obligations laid on me [and] [r]emove, post-haste all and any lien of any sort on me/my property, of any sort." (Compl. at 9.)  Further, he seeks $12,000,000.00 for "suffering, degradation, insults and shame brought

---

[1]This statute was repealed by Pub.L. 94-455, Title XIX, § 1901(a)(148), Oct. 4, 1976, 90 Stat. 1788.

upon me and my family." (Compl. at 10.)

*Background*

In his forty-one page complaint, Mr.  Allamby outlines a myriad of ways in which the United States has allegedly violated his constitutional rights.  He asserts that : "Beginning in 1956 and continuing to the present day, the United States of America has violated my constitutional rights in the form of liens on my property, curtailment and restrictions on my liberty and my right to securing property through credit and other arrangements, and my pursuit of happiness."(Compl. at 41.)

The prevailing theme of Mr.  Allamby's complaint presupposes that the collection of federal income taxes is unconstitutional per se.  He challenges two liens on his property for $70,273.00 and $140,546.00, respectively, for "non-payment of the fraudulent debts, i.e., the federal income tax."  (Compl. at 6.)  It is upon this basis that he concludes that any actions (i.e. property liens, garnishment) taken by the United States to recover income taxes monies is a violation of his rights under the Constitution.

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), a "district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999); see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that patently

2

frivolous claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims).

*Jurisdiction*

Federal courts are always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231(1990) and a federal court may not entertain an action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982).  If a court lacks jurisdiction, it "cannot proceed at all in any cause[;][j]urisdiction is power to declare law, and when it ceases to exist, the only function remaining to court is that of announcing the fact and dismissing cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94(1998)(citation omitted).

This court's jurisdiction is defined by the United States's consent to be sued--i.e., its waiver of sovereign immunity. Under Steel Co., therefore, the court must consider the jurisdictional immunity issue before considering the merits, regardless of whether the merits of Mr.  Allamby's claims appear to be more readily resolved. This approach was explicitly endorsed by the Sixth Circuit in a tax refund case. See Thomas v. United States, 166 F.3d 825, 831 (6th Cir.1999) ("Before addressing the merits of Thomas' refund claims, we must first determine whether we have jurisdiction.") (citing Steel Co.); see also, Ramcor Servs. Group, Inc. v. United States, 41 Fed. Cl. 264, 266 (1998) (under Steel Co., extent of government's waiver of sovereign immunity must be addressed before the merits of the dispute).

Mr.  Allamby states, at varying points in his complaint, that the United States has violated his 4th , 5th, 9th, 10th, 13th, 14th and 16th Amendment rights under the Constitution.  The

3

Supreme Court has held that a  Bivens action is the appropriate judicially created damages remedy against an individual in the federal government for violations of a constitutional right. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 392 (1971); see Davis v. Passman, 442 U.S. 228 (1979) (authorizing the extension of Bivens claims and damages to Fifth Amendment violations).[2] Bivens authorizes suits against the responsible federal official, not against the government itself. As such, it is manifest that this action cannot be maintained against the United States as the party defendant. The United States is being sued only because it is in charge of an executive agency. The federal government has not consented to be sued on claims brought under Bivens. See Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 478 (1994)("[T]he United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims."); Keene Corp. v. United States, 700 F.2d 836, 845 n. 13 (2d Cir.) ("Bivens-type actions against the United States are ... routinely dismissed for lack of subject matter jurisdiction"), cert. denied, 464 U.S. 864 (1983). Thus the Mr. Allamby's Bivens claim against the United States must be dismissed.

### Request for a Refund

Even if the court construed this matter as request for refund, it is further barred from the jurisdiction of this court under the Anti-Injunction Act, 26 U.S.C. § 7421(a).[3]  The

---

[2]Because Mr.  Allamby asserts an injury of his constitutional rights by the federal government, the court construes his action as being filed under the Bivens doctrine. See Bivens, 403 U.S. at 397.

[3]The statute sets forth:

> Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a)

> (continued...)

language of that Act, "could scarcely be more explicit" in barring suits to enjoin the I.R.S. or to obtain declaratory relief to forestall its activities in matters related to its statutory duties. Bob Jones University v. Simon, 416 U.S. 725, 736 (1974); see also Alexander v. 'Americans United' Inc., 416 U.S. 752 (1974). The Act removes from the court jurisdiction to intervene except as expressly provided for by Congress. That barrier is not removed by claims of constitutional violations, and invoking the court's authority under 28 U.S.C. § 1343. See Bob Jones, 416 U.S. at 749. If Mr. Allamby believes, however, that he is entitled to a tax refund that has been improperly withheld, he may pursue such a claim pursuant to the statutory scheme for claiming refunds under 26 U.S.C. § 7422.[4]

Based on the foregoing, the complaint is dismissed. Further, the court certifies that an appeal from this decision could not be taken in good faith.[5]

---

[3](...continued)
> and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. §7421(a)

[4]The procedural framework of the statute dictates the following:

> No suit or proceeding shall be maintained in court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

[5] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken in forma pauperis if the trial
(continued...)

IT IS SO ORDERED.

/s/Dan Aaron Polster 3/27/06
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

(...continued)
court certifies that it is not taken in good faith."